UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HCG SOFTWARE, LLC, | : | CASE NO. 15-63347-CRM |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN HCG TRUSTEE, PSS TRUSTEE, USL FINANCIALS, INC., AND KONSTANTINOS ALEXAKIS UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**HCG Trustee**") for the bankruptcy estate (the "**HCG Bankruptcy Estate**") of HCG Software, LLC ("**HCG**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement between HCG Trustee, PSS Trustee, USL Financials, Inc., and Konstantinos Alexakis under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**").   In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

### Jurisdiction and Venue

1.       This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334.  Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Relief Requested

2.       By this Settlement Motion, HCG Trustee requests that the Court approve a settlement agreement between HCG Trustee; Joseph J. Bellinger, as Chapter 7 Trustee (the "**PSS Trustee**") for the bankruptcy estate of Public-Sector Solutions, Inc. ("**PSS**"), which case is

11373019v1

currently pending in the United States Bankruptcy Court for the District of Maryland (Case No. 14-15477-DER) (the "**PSS Bankruptcy Case**"), PSS, USL Financials, Inc. ("**USL**"), and Konstantinos Alexakis ("**Kostas**").

3.      The related background and the details of the proposed settlement follow.

**Background**

4.      On July 16, 2015 (the "**HCG Petition Date**"), HCG filed a voluntary petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Georgia Bankruptcy Court**").  Shortly thereafter, the HCG Trustee was appointed and remains the duly acting Chapter 7 trustee for the HCG Bankruptcy Estate.

5.      Prior to the Petition Date, HCG designed and developed enterprise solutions focusing on business reporting, capital planning, budgeting, accounting, and payroll.

6.      HCG is a State of Georgia Limited Liability Company, and, although it formerly operated out of Portland, Oregon, it had customers throughout the United States.

7.      Upon information and belief, sometime prior to or in 2012, HCG entered into a contract to provide services to Public-Sector Solutions, Inc. ("**PSS**") (the "**PSS Agreement**").

8.      As a result of alleged disputes related to the PSS Agreement, in 2012, HCG was awarded:  (i) a general judgment against PSS in Case No. 907-10060, (the "**Oregon Judgment**") in the Circuit Court of the State of Oregon for the County of Multnomah ("**Oregon Court**") in the amount of $238,720.37 (including $71,759.31 of interest) plus a $550.00 "prevailing party fee", and (ii) a judgment for attorneys' fees in the amount of $488,804.93 (including $46,857.10 in interest).

9.      The Oregon Court ordered that, on or before October 1, 2012, PSS shall comply

with HCG's alleged discovery violations or incur sanctions of $500.00 per day.  On October 1, 2012, PSS filed a petition in the United States Bankruptcy Court for the district of Maryland, and PSS asserts that thereafter its records were made available to HCG.

10.     No order was entered confirming or granting the amount of such sanctions.

11.     Upon information and belief, HCG claimed that such sanctions equaled $271,500.00; however, PSS disputes such claim on the basis that such amount was never established by the Oregon Court and any alleged violations were satisfied.  PSS filed an appeal of the Oregon Judgment, which is currently pending and stayed by the PSS Bankruptcy Case.

12.     PSS Trustee and USL contend that, on October 25, 2013, in mediation, PSS reached a settlement with HCG (the "**Oregon Settlement**") in which, for other good and valuable consideration, PSS would pay HCG the sum of $125,000.00, subject to (i) HCG providing a stipulation that would vacate the Oregon Judgment on the basis of lack of personal and subject matter jurisdiction, (ii) a mutual release of any and all claims, (iii) dismissal of the appeal of the Oregon Judgment with prejudice and without costs to any party in full satisfaction of the Oregon Judgment, and (iv) binding arbitration of any and all disputes arising from the Oregon Settlement.  PSS, USL, and Kostas represent that HCG refused to provide a compliant stipulation and that HCG denies that the Oregon Settlement was finalized or consummated.

13.     On April 7, 2014, petitioning creditors, Hunt & Associates, P.C. and Greene & Markley, P.C., and HCG (collectively, the "**Petitioning Creditors**") filed an involuntary petition (the "**PSS Petition**") against PSS in the United States Bankruptcy Court for the District of Maryland (the "**Maryland Bankruptcy Court**"), thereby commencing the PSS Bankruptcy Case.

14.     On June 17, 2014, the Maryland Bankruptcy Court held an evidentiary hearing

wherein it granted the PSS Petition and denied the Motion to Dismiss. *See* [Doc. No. 69; Case No. 14-15477-DER]. On June 18, 2014, the Maryland Bankruptcy Court entered an Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements (the "**Maryland Bankruptcy Court Order**"). *See* [Doc. No. 70; Case No. 14-15477-DER].

15.     Upon entry of the Maryland Bankruptcy Court Order, on or about June 19, 2014, PSS Trustee was appointed as the chapter 7 trustee in the PSS Bankruptcy Case.

16.     On December 12, 2016, the PSS Trustee, filed, and the Maryland Bankruptcy Court approved by an order filed on January 23, 2017, a settlement agreement among the PSS Trustee, PSS, USL, and Kostas ("**Settlement Agreement**").

17.     The structure of the Settlement Agreement is two-fold. The first two of the three installment payments are intended by the PSS Trustee to fund payment of all or at least a substantial portion of allowed compensation of the PSS Trustee and his law firm. The first installment payment is in the amount of $25,000.00, and the second installment payment is in the amount of $32,500.00. The third installment payment will be an amount that is equal to ten percent of the amount of the allowed proof of claims in the PSS Bankruptcy Case after USL has an opportunity to litigate and/or negotiate objections to proofs of claims, in its discretion. The PSS Trustee intends to distribute all or a substantial portion of the third installment payment to the holders of allowed proofs of claim.

18.     Among other things, the Settlement Agreement, which led to dismissal of the Adversary Proceeding, acknowledged that USL shall be assigned the right to object to the proofs of claim on behalf of PSS's management in order to defend the claims filed in the PSS Bankruptcy Case for the benefit of the PSS estate and to pursue its malpractice claim against

Hunt & Associates.  Particularly, the Settlement Agreement provided that USL "may file objections to any Proofs of Claim they elect to challenge in their sole discretion" within sixty (60) days of the date that an order of this Court approving the Settlement Agreement becomes final and non-appealable because USL was in the best position to defend claims against the PSS estate.

19.     On April 17, 2017, Greene & Markley, P.C. withdrew its claim in the amount of $39,892.79. Thereafter, the only remaining proofs of claim in the PSS Bankruptcy Case were Hunt & Associates, HCG, the Internal Revenue Service, and the US Trustee in the following respective amounts: $47,064.79, $999,575.30, $76,328.73, and $325.00, which total $1,123,293.82. PSS, USL, and Kostas objected to the Hunt & Associates proof of claim on April 7, 2017, and on June 15, 2017, the Maryland Bankruptcy Court entered an order sustaining such objection and disallowing the Hunt & Associates proof of claim.

20.     On May 3, 2017, the HCG Trustee filed in the PSS Bankruptcy Case an "Application of S. Gregory Hays, Chapter 7 Trustee for the Estate of HCG Software, LLC for Allowance of Administrative Expense Claim" [Doc. No. 144; Case No. 14-15477-DER] (the "**Administrative Expense Motion**").  In the Administrative Expense Motion, the HCG Trustee sought allowance in the PSS Bankruptcy Case of an administrative expense claim in the amount of $106,546.30 (the "**HCG Administrative Claim**") pursuant to Section 503(b)(3)(A) and Section 503(b)(4) of the Bankruptcy Code.  The basis of the Administrative Expense Motion was for legal fees and expenses incurred by HCG in the PSS Bankruptcy Case.  PSS, USL, and Kostas objected to the HCG Administrative Expense Motion and also asserted that the relief sought by it would not be factored into the Settlement Agreement payout.

21.     On May 24, 2017, an Objection to the Administrative Expense Motion was filed

on behalf of PSS, USL, and Kostas by Paul Sweeney. [Doc. No. 148; Case No. 14-15477-DER].

22.    On May 24, 2017, an Objection to the Administrative Expense Motion was filed on behalf of PSS Trustee. [Doc. No. 150; Case No. 14-15477-DER].

23.    In their objections PSS, USL, Kostas, and PSS Trustee have vigorously asserted various defenses to the payment of the HCG Administrative Claim to the HCG Trustee.

24.    More specifically, PSS, USL, and Kostas asserted that both the HCG Administrative Claim and the HCG Proof of Claim should be reviewed together and disallowed.

25.    HCG Trustee and PSS, USL, and Kostas have engaged in discussions concerning the HCG Proof of Claim.  The Parties have agreed to extensions of time for the parties to object to the HCG Proof of Claim and PSS, USL, and Kostas have made it clear that it intends to object to the allowance of any claim by HCG that exceeds $125,000.00.

26.    The HCG Trustee disputes that the HCG Proof of Claim should be disallowed or reduced.

27.    PSS, USL, and Kostas assert that even if the HCG Proof of Claim were to be allowed that it is not likely that HCG would be paid any distribution in the PSS Bankruptcy Case because the amount of administrative claims and the allowed secured/priority claim of the Internal Revenue Service [Claim No. 4; Case No. 14-15477-DER] in the amount of $76,328, allowed in the PSS Bankruptcy Case, would result in no further funds being available for distributions to general unsecured claims such as the HCG Proof of Claim.

28.    The HCG Trustee disputes this assertion.

### The Proposed Settlement

29.    Following negotiations, and subject to Georgia Bankruptcy Court approval and Maryland Bankruptcy Court approval, HCG Trustee, PSS Trustee, PSS, USL, and Kostas (each a

"**Party**" and collectively, the "**Parties**") have agreed to a global settlement (the "**Settlement**")

that resolves both the Administrative Expense Motion (and the objections filed thereto) and the

HCG Proof of Claim filed in the PSS Bankruptcy Case.  A copy of the Settlement is attached as

Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms

of the Settlement follow:[1]

    a. Subject to approval of the Agreement[2] by the Georgia Bankruptcy Court
and the Maryland Bankruptcy Court, the Parties agree to resolve the HCG
Proof of Claim and disputes between them regarding the HCG Proof of
Claim as follows:  HCG Trustee shall provide to USL an executed original
of the Notice of Full Satisfaction of Judgment with prejudice as to the
Oregon Judgment in the form suitable for filing in Oregon in the form
attached to the Settlement as **Exhibit A.**  The HCG Proof of Claim and
related underlying judgments will be withdrawn with prejudice by HCG
immediately after payment by USL of the sum of $12,500.00 to the HCG
Trustee.  Upon payment of $12,500.00 by USL, the HCG Trustee will
provide a fully executed original or a withdrawal of the HCG Proof of
Claim in the form attached to the Settlement as **Exhibit B** and shall file
same with the Maryland Bankruptcy Court. It being the parties' intention
that all claims and judgments related to the HCG Proof of Claim, the
Oregon Judgment, or the underlying lawsuit, be dismissed with prejudice
immediately after payment by USL of $12,500.00.  Effective upon entry
of the HCG Settlement Approval Order and the PSS Settlement Approval
Order, and the same becoming final, non-appealable orders, USL shall pay
the HCG Trustee the sum of $12,500.  This sum is currently held in
escrow with USL's counsel.  The HCG Trustee shall provide further
reasonable assurances and assistance to effectuate the terms of this
Agreement and the dismissal of the Oregon Judgment.

    b. Subject to approval of the Agreement by the Georgia Bankruptcy Court
and the Maryland Bankruptcy Court, the Parties agree to resolve the
Administrative Expense Motion and disputes between them regarding the
Administrative Expense Motion as follows: the PSS Trustee shall pay
from the PSS bankruptcy estate the sum of $12,500.00 to the HCG Trustee
in full and complete satisfaction of the HCG Administrative Claim.

---

[1]    The following is a summary of the Settlement and is not intended to be comprehensive.
To the extent that anything in this summary is contrary to the terms of the Settlement, the
Settlement shall control.

[2]    Capitalized terms not defined in this Settlement Motion shall have the meaning ascribed
to them in the Settlement.

Payment will be made within five (5) business days of the date that Orders approving this Agreement by both the Georgia Bankruptcy Court and the Maryland Bankruptcy Court become final, non-appealable orders. Upon such payment, the HCG Trustee's Administrative Expense Claim shall be deemed satisfied in full and HCG Trustee shall have no further right to any payment in the PSS Bankruptcy Case nor any other claims by, or on behalf of, HCG.

c.   Finally, the Parties grant full and broad releases to one another.

### Basis for Relief

30.   Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[3]

31.    The proposed Settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

32.    Given the potential time and expense of litigating issues related to the HCG Proof of Claim and the HCG Administrative Expense Claim, and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including potential appeals), and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement is a proper exercise of HCG Trustee's business judgment and in the best interests of the HCG Bankruptcy Estate.  In fact, based on the histories between the various related entities in this matter, HCG Trustee estimates that litigating the disputes related to the HCG Proof of Claim and the HCG Administrative Expense Claim could take years and could cost the HCG Bankruptcy Estate tens of thousands of dollars (if not a hundred thousand dollars) in additional administrative expense without any certainty of a favorable outcome.  On the other hand, the potential upside of winning such disputes for the HCG Bankruptcy Estate is less than $100,000.00.  In summary, the proposed Settlement, which will result in $25,000.00 coming into the HCG Bankruptcy Estate, represents an advantageous result for the HCG Bankruptcy Estate and clearly falls within the range of reasonableness required under *Justice Oaks*.

---

[3]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

33.    Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Settlement.

WHEREFORE, HCG Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing HCG Trustee to take actions reasonably necessary to effectuate the terms of the Settlement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 25th day of October, 2017.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
      Michael J. Bargar
      Georgia Bar No. 645709
      michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

**EXHIBIT "A" FOLLOWS**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") dated as of *October 12*, 2017 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee (the "**HCG Trustee**") for the bankruptcy estate of HCG Software, LLC ("**HCG**"), currently pending before the United States Bankruptcy Court for the Northern District of Georgia (Case No. 15-63347-CRM) (the "**HCG Bankruptcy Case**"), Joseph J. Bellinger, as Chapter 7 Trustee (the "**PSS Trustee**"), for the bankruptcy estate of Public-Sector Solutions, Inc. ("**PSS**"), currently pending before the United States Bankruptcy Court for the District of Maryland (Case No. 14-15477-DER) (the "**PSS Bankruptcy Case**"), PSS, USL Financials, Inc. ("**USL**"), and Konstantinos Alexakis ("**Kostas**") (all of the foregoing, collectively referred to as the "**Parties**").

### Background

### *General Background*

1. In 2012, HCG was awarded: (i) a general judgment against PSS in Case No. 907-10060, (the "**Oregon Judgment**") in the Circuit Court of the State of Oregon for the County of Multnomah ("**Oregon Court**") in the amount of $238,720.37 (including $71,759.31 of interest) plus a $550.00 "prevailing party fee", and (ii) a judgment for attorneys' fees in the amount of $488,804.93 (including $46,857.10 in interest). The Oregon Court ordered that PSS shall comply with HCG's alleged discovery violations on or before October 1, 2012 or incur sanctions of $500.00 per day. On October 1, 2012, PSS filed a petition in the United States Bankruptcy Court for the district of Maryland, and PSS asserts that thereafter its records were made available to HCG. No order was entered confirming or granting the amount of such sanctions. Upon information and belief, HCG claimed that such sanctions equal $271,500.00; however, PSS disputes such claim on the basis that such amount was never established by the Oregon Court and any alleged violations were satisfied. PSS filed an appeal of the Oregon Judgment, which is currently pending and stayed by the PSS Bankruptcy Case.

2. PSS Trustee and USL contend that, on October 25, 2013, in mediation, PSS reached a settlement with HCG (the "**Oregon Settlement**") in which, for other good and

valuable consideration, PSS would pay HCG the sum of $125,000.00, subject to (i) HCG providing a stipulation that would vacate the Oregon Judgment on the basis of lack of personal and subject matter jurisdiction, (ii) a mutual release of any and all claims, (iii) dismissal of the appeal of the Oregon Judgment with prejudice and without costs to any party in full satisfaction of the Oregon Judgment, and (iv) binding arbitration of any and all disputes arising from the Oregon Settlement.  PSS, USL, and Kostas represent that HCG refused to provide a compliant stipulation and HCG denies that the Oregon Settlement was finalized or consummated.

3. On April 7, 2014, petitioning creditors, Hunt & Associates, P.C. and Greene & Markley, P.C., and HCG (collectively, the "**Petitioning Creditors**") filed an involuntary petition (the "**PSS Petition**") against PSS in the United States Bankruptcy Court for the District of Maryland (the "**Maryland Bankruptcy Court**"), thereby commencing the PSS Bankruptcy Case.

4. On June 17, 2014, the Maryland Bankruptcy Court held an evidentiary hearing wherein it granted the PSS Petition and denied the Motion to Dismiss.  See Dkt. No. 69.  On June 18, 2014, the Maryland Bankruptcy Court entered an Order Entering Relief Under Chapter 7 on Involuntary Petition and Directing Compliance with Filing Requirements (the "**Bankruptcy Court Order**").  See Dkt. No. 70.

5. Upon entry of the Bankruptcy Court Order, on or about June 19, 2014, the PSS Trustee was appointed as the chapter 7 trustee in the PSS Bankruptcy Case.

6. On August 13, 2014, HCG filed a proof of claim (the "**HCG Proof of Claim**") against PSS in the PSS Bankruptcy Case. The HCG Proof of Claim totaled $999,575.30 based on the Oregon Judgment against PSS, but was without reference to the Oregon Settlement.

7. On July 16, 2015 (the "**HCG Petition Date**"), HCG filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Georgia Bankruptcy Court**"), initiating the HCG Bankruptcy Case.

8. The HCG Trustee was thereafter appointed the duly acting Chapter 7 Trustee in the HCG Bankruptcy Case.

9. On December 12, 2016, the PSS Trustee, filed, and the Maryland Bankruptcy Court approved by an order filed on January 23, 2017, a settlement agreement among the PSS Trustee, PSS, USL, and Kostas ("**Settlement Agreement**").

10. The structure of the Settlement Agreement is two-fold. The first two of the three installment payments are intended by the PSS Trustee to fund payment of all or at least a substantial portion of allowed compensation of the PSS Trustee and his law firm. The first installment payment is in the amount of $25,000.00, and the second installment payment is in the amount of $32,500.00. The third installment payment will be an amount that is equal to ten percent of the amount of the allowed proof of claims in the PSS Bankruptcy Case after USL has an opportunity to litigate and/or negotiate objections to proofs of claims, in its discretion. The PSS Trustee intends to distribute all or a substantial portion of the third installment payment to the holders of allowed proofs of claim.

11. Among other things, the Settlement Agreement, which led to dismissal of the Adversary Proceeding, acknowledged that USL shall be assigned the right to object to the proofs of claim on behalf of PSS's management in order to defend the claims filed in the PSS Bankruptcy Case for the benefit of the PSS estate and to pursue its malpractice claim against Hunt & Associates. Particularly, the Settlement Agreement provided that USL "may file objections to any Proofs of Claim they elect to challenge in their sole discretion" within sixty (60) days of the date that an order of this Court approving the Settlement Agreement becomes final and non-appealable because USL was in the best position to defend claims against the PSS estate.

12. On April 17, 2017, Greene & Markley, P.C. withdrew its claim in the amount of $39,892.79. Thereafter, the only remaining proofs of claim in the PSS Bankruptcy Case were Hunt & Associates, HCG, the Internal Revenue Service, and the US Trustee in the following respective amounts: $47,064.79, $999,575.30, $76,328.73, and $325.00, which total $1,123,293.82. PSS, USL, and Kostas objected to the Hunt & Associates proof of claim on April 7, 2017, and on June 15, 2017, the Maryland Bankruptcy Court entered an order sustaining such objection and disallowing the Hunt & Associates proof of claim.

13. On May 3, 2017, the HCG Trustee filed in the PSS Bankruptcy Case an "Application of S. Gregory Hays,

Chapter 7 Trustee for the Estate of HCG Software, LLC for Allowance of Administrative Expense Claim" [Dkt. 144] (the **"Administrative Expense Motion"**). In the Administrative Expense Motion, the HCG Trustee sought allowance in the PSS Bankruptcy Case of an administrative expense claim in the amount of $106,546.30 (the **"HCG Administrative Claim"**) pursuant to Section 503(b)(3)(A) and Section 503(b)(4) of the Bankruptcy Code. The basis of the Administrative Expense Motion was for legal fees and expenses incurred by HCG in the PSS Bankruptcy Case. PSS, USL, and Kostas objected to the HCG Administrative Expense Motion and also asserted that the relief sought by it would not be factored into the Settlement Agreement payout.

14. On May 24, 2017, an Objection to the Administrative Expense Motion was filed on behalf of PSS, USL, and Kostas by Paul Sweeney. [Dkt, #148].

15. On May 24, 2017, an Objection to the Administrative Expense Motion was filed on behalf of PSS Trustee. [Dkt. #150].

16. In their objections PSS, USL, Kostas, and PSS Trustee have vigorously asserted various defenses to the payment of the HCG Administrative Claim to the HCG Trustee.

17. More specifically, PSS, USL, and Kostas asserted that both the HCG Administrative Claim and the HCG Proof of Claim should be reviewed together and disallowed.

18. HCG Trustee and PSS, USL, and Kostas have engaged in discussions concerning the HCG Proof of Claim. The Parties have agreed to extensions of time for the parties to object to the HCG Proof of Claim and PSS, USL, and Kostas have made it clear that it intends to object to the allowance of any claim by HCG that exceeds $125,000.00. The HCG Trustee disputes that the HCG Proof of Claim should be disallowed or reduced.

19. PSS, USL, and Kostas assert that even if the HCG Proof of Claim were to be allowed that it is not likely that HCG would be paid any distribution in the PSS Bankruptcy Case because the amount of administrative claims and the allowed secured/priority claim of the Internal Revenue Service [Claim #4] in the amount of $76,328 allowed in the PSS Bankruptcy Case would result in no further funds being available for distributions to general unsecured claims such as the HCG Proof of Claim. The HCG Trustee

disputes this assertion.

20. Subject to Georgia Bankruptcy Court approval and subject to Maryland Bankruptcy Court approval, HCG Trustee, PSS Trustee, PSS, USL, and Kostas (each a **"Party"** and collectively, the **"Parties"**) have agreed to a global settlement that resolves both the Administrative Expense Motion (and the objections filed thereto) and the HCG Proof of Claim filed in the PSS Bankruptcy Case. This agreement is further memorialized in this Agreement.

Accordingly, the Parties agree as follows:

1. **Background.**   The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the HCG Proof of Claim.** Subject to approval of this Agreement by the Georgia Bankruptcy Court and by the Maryland Bankruptcy Court, the Parties agree to resolve the HCG Proof of Claim and disputes between them regarding the HCG Proof of Claim as follows: HCG Trustee shall provide to USL an executed original of the Notice of Full Satisfaction of Judgment with prejudice as to the Oregon Judgment in the form suitable for filing in Oregon in the form attached hereto as **Exhibit A.** The HCG Proof of Claim and related underlying judgments will be withdrawn with prejudice by HCG immediately after payment by USL of the sum of $12,500.00 to the HCG Trustee. Upon payment of $12,500.00 by USL, the HCG Trustee will provide a fully executed original or a withdrawal of the HCG Proof of Claim in the form attached hereto as **Exhibit B** and shall file same with the Maryland Bankruptcy Court. It being the parties' intention that all claims and judgments related to the HCG Proof of Claim, the Oregon Judgment, or the underlying lawsuit, be dismissed with prejudice immediately after payment by USL of $12,500.00.  Effective upon entry of the HCG Settlement Approval Order (defined below) and the PSS Settlement Approval Order (defined below), and the same becoming final, non-appealable orders, USL shall pay the HCG Trustee the sum of $12,500. This sum is currently held in escrow with USL's counsel. The HCG Trustee shall provide further reasonable assurances and assistance to effectuate the terms of this Agreement and the dismissal of the Oregon Judgment.

3. **Resolution of the Administrative Expense Motion.** Subject to approval of this Agreement by the Georgia Bankruptcy

Court and by the Maryland Bankruptcy Court, the Parties agree to resolve the Administrative Expense Motion and disputes between them regarding the Administrative Expense Motion as follows: the PSS Trustee shall pay from the PSS bankruptcy estate the sum of $12,500.00 to the HCG Trustee in full and complete satisfaction of the HCG Administrative Claim. Payment will be made within five (5) business days of the date that Orders approving this Agreement by both the Georgia Bankruptcy Court and the Maryland Bankruptcy Court become final, non-appealable orders. Upon such payment, the HCG Trustee's Administrative Expense Claim shall be deemed satisfied in full and HCG Trustee shall have no further right to any payment in the PSS Bankruptcy Case nor any other claims by, or on behalf of, HCG.

4. **Approval of Proposed Settlement.** Within five (5) business days after execution of this Agreement by each of the Parties, the HCG Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**HCG Settlement Approval Motion**"), seeking entry of an order by the Georgia Bankruptcy Court approving the compromise and settlement contemplated herein ("**HCG Settlement Approval Order**"). No later than five (5) business days *after* the HCG Settlement Approval Order becomes a final and non-appealable order, the PSS Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**PSS Settlement Approval Motion**"), seeking entry of an order by the Maryland Bankruptcy Court approving the compromise and settlement contemplated herein ("**PSS Settlement Approval Order**").

For the purposes of this Agreement, any order entered by a court shall be final when it has been entered on the docket in either the PSS Bankruptcy Case or the HCG Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

5. **Payment of Settlement Funds.** The payments referenced in

Paragraphs 2 and 3 above (the "**Settlement Funds**") shall be made by delivering checks made payable to "S. Gregory Hays, Trustee (HCG Software)" to the attention of counsel for Trustee, Michael J. Bargar, addressed as follows:

> Michael J. Bargar
> Arnall Golden Gregory LLP
> 171 17th Street, NW, Suite 2100
> Atlanta, Georgia 30363

The Parties agree that the payments shall be deemed received by HCG Trustee when the related check clears HCG Trustee's bank account for the HCG Bankruptcy Estate.

6. **Release by HCG Trustee of PSS, USL and Kostas.** Effective upon HCG Trustee's receiving the Settlement Funds from USL and from PSS Trustee, and except for the rights, duties, and obligations created or preserved under this Agreement, the HCG Trustee for itself and its successors and assigns, releases, acquits, and forever discharges USL, PSS, Kostas, PSS Trustee, and the PSS bankruptcy estate and each and every past and present agent, servant, employee, representative and attorney of the foregoing from any and all Claims (as defined in Section 15 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that HCG or HCG Trustee may have or claim to have against PSS Trustee, PSS bankruptcy estate, USL, or Kostas prior to the Effective Date.

7. **Release by PSS Trustee of HCG Trustee and HCG Bankruptcy Estate.** Effective upon the HCG Trustee's receipt of Settlement Funds, and except for the rights, duties, and obligations created or preserved under this Agreement, PSS Trustee, for itself and its successors and assigns, releases, acquits and forever discharges HCG Trustee and the HCG bankruptcy estate and each and every past and present agent, servant, employee, representative and attorney of HCG Trustee or the HCG bankruptcy estate from any and all Claims (as defined in Section 15 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that PSS or PSS Trustee may have or claim to have against HCG Trustee or the HCG bankruptcy estate prior to the Effective Date.

8. **Release by USL of HCG Trustee and HCG Bankruptcy Estate.** Effective upon the HCG Trustee's receipt of Settlement Funds, and except for the rights, duties, and

obligations created or preserved under this Agreement,
USL, for itself and successors and assigns, releases, acquits
and forever discharges HCG Trustee and the HCG
bankruptcy estate and each and every past and present
agent, servant, employee, representative and attorney of
HCG Trustee or the HCG bankruptcy estate from any and
all Claims (as defined in Section 15 of this Agreement) of
any kind, character or nature whatsoever, known or
unknown, fixed or contingent, that USL may have or claim
to have against HCG Trustee or the HCG bankruptcy estate
prior to the Effective Date.

9. **No Admissions.** The Parties acknowledge and agree that this
Agreement is being executed and delivered as part of the
compromise and settlement of disputed claims and is
expressly contingent upon and subject to the approval of
the Georgia Bankruptcy Court and of the Maryland
Bankruptcy Court. The Parties further acknowledge and
agree that this Agreement will not and may not be used or
construed as an admission of any liability or responsibility
to any Party or to any other persons.

10. **Entire Agreement; Modification.** The Parties agree that
there are no other agreements, oral or written, between or
among them relating to any matters covered by this
Agreement and that this Agreement constitutes the entire
agreement and understanding between the Parties relating
to the subject matter contained herein. The Parties further
agree that this Agreement may not be altered, amended, or
modified in any respect or particular whatsoever, except by
a writing duly executed by the Parties, and that any
material amendment is subject to Georgia Bankruptcy
Court approval and to Maryland Bankruptcy Court
approval.

11. **Voluntary Execution of Agreement.** The Parties hereby
mutually acknowledge and represent and warrant that they
have been fully advised by their respective legal counsel of
their rights and responsibilities under this Agreement, that
they have read, know, and understand completely the
contents hereof, and that they have voluntarily executed the
same. The Parties further mutually acknowledge and
represent and warrant that they have had input into the
drafting of this Agreement and that, accordingly, in any
construction to be made of this Agreement, it shall not be
construed for or against either HCG Trustee or PSS Trustee
or USL but rather shall be given fair and reasonable
interpretation based on the plain language of this
Agreement and the expressed intent of the Parties.

12. **Authority of Parties.**   The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

13. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

14. **Bankruptcy Court Jurisdiction.**  The Georgia Bankruptcy Court and the Maryland Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement.  An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Maryland Bankruptcy Court or the Georgia Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

15. **Definition of Claims.**  The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the HCG Bankruptcy Case or the PSS Bankruptcy Case.

16. **Georgia Law Applicable.**   This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

17. **Severability.**  If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

18. **Notices.**  Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the

transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

*If to HCG Trustee*:

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
michael.bargar@agg.com

*If to PSS Trustee*:

Joseph J. Bellinger, Esquire
Offit Kurman, P.A.
300 East Lombard Street, Ste. 2010
Baltimore, Maryland 21202
jbellinger@offitkurman.com

*If to USL:*

USL Financials, Inc.
c/o Konstantinos Alexakis
305 West Monument Street, Suite 102
Baltimore, MD 21202

*With a copy to:*

Paul Sweeney, 07072
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland 21044
psweeney@yvslaw.com

19. **Restoration.**   In the event that either the Georgia Bankruptcy Court or the Maryland Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

20. **Parties to Bear Own Costs.**  Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the

negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

21. **Time is of the Essence.**   Time is of the essence in this Agreement.

[INTENTIONALLY LEFT BLANK]

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**HCG TRUSTEE**

S. Gregory Hays, as and only as
Chapter 7 Trustee for the Bankruptcy Estate of HCG Software, LLC
(Case No. 15-63347-CRM)

Date 9/18/2017

**PSS TRUSTEE**

Joseph J. Bellinger, as and only as
Chapter 7 Trustee for the Bankruptcy Estate of Public-Sector Solutions, Inc.
(Case No. 14-15477-DER)

Date 10/12/2017

**USL FINANCIALS, INC.**

By:_____
Its:____pres____

Date 9/15/17

Konstantinos Alexakis

Date 9/15/17

**PUBLIC SECTOR SOLUTIONS, INC.**

By:
Its:   pres

Date 9/15/17

# EXHIBIT A
### *(form of Notice of Full Satisfaction of Judgment)*

11419987v1

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HCG SOFTWARE, LLC, a Georgia limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 0907-10060 |
| PUBLIC-SECTOR SOLUTIONS, INC., a Maryland corporation, | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF FULL SATISFACTION OF JUDGMENT

S. Gregory Hays, as and only as Chapter 7 Trustee for Plaintiff HCG Software, LLC ("HCG"), files this Notice of Full Satisfaction of Judgment (the "Notice") and stipulates as follows:

1.     HCG was awarded judgments in this Circuit Court of the State of Oregon for the County of Multnomah for this matter against Public-Sector Solutions, Inc. ("PSS"). *See* Dkt. #159, entered July 18, 2012; Dkt #211 entered October 1, 2012; Dkt #235, entered February 27, 2013, together with any modifications, supplements, or other amendments thereto (the "Judgments"). These Judgments are fully released and should be marked satisfied by this Court.

2.     On April 7, 2014, the judgment debtor, PSS, was the subject of an involuntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "Bankruptcy Code") which was filed in Case No. 14-15477 against PSS in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court").

3.     On June 19, 2014, a Notice of Chapter 7 Bankruptcy Case and setting forth the appointment of Joseph Bellinger as Chapter 7 Bankruptcy Trustee for PSS was issued by the Maryland Bankruptcy Court, a copy of which is attached hereto as **Exhibit A**. Thereafter, Mr. Bellinger assigned various rights of PSS to USL Financials, Inc. ("USL") pursuant to an order of the bankruptcy court. USL and Mr. Bellinger both consent to this Notice as executed below.

4.     On July 16, 2015, HCG also filed a voluntary petition under the Bankruptcy Code, Case No. 15-63347, in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Georgia Bankruptcy Court").

11419987v1

5.      On July 17, 2015, a Notice of Commencement of Case setting forth the appointment of S. Gregory Hays ("Mr. Hays") as Chapter 7 Bankruptcy Trustee for HCG was issued by the Georgia Bankruptcy Court, a copy of which is attached hereby as **Exhibit B**. Mr. Hays and Mr. Bellinger are hereinafter referred to as the "Trustees".

6.      After various proceedings in the bankruptcy court, the Trustees and USL entered into a settlement agreement among the Trustees and USL (the "Settlement Agreement"). Settlement of all claims between HCG and PSS and the full release and satisfaction of the Judgments was agreed upon and approved by the Maryland Bankruptcy Court and the Georgia Bankruptcy Court. A copy of the order evidencing approval of this Settlement Agreement by the Georgia Bankruptcy Court and the Maryland Bankruptcy Court are attached hereto as **Exhibit C** and **Exhibit D**, respectfully.

7.      Pursuant to those orders, the Judgments have been fully resolved, satisfied, and no further liability under the Judgments exist.

8.      Mr. Hays, as Chapter 7 Trustee for HCG, which is a judgment creditor, acknowledges that the Judgments have been fully released, satisfied, and no further liability under the Judgments exist, in accordance with the orders approving the Settlement Agreement.

9.      Therefore, pursuant to ORS 18.225, the Clerk of the Court is directed to enter this satisfaction in the records and files of the Court.

                                                Respectfully submitted,


Dated:_____          _____
                                                S. Gregory Hays, as and only as Chapter 7 Trustee
                                                for the bankruptcy estate of HCG Software, LLC
                                                (Case No. 15-63347-CRM)
                                                Hays Financial Consulting, LLC
                                                2964 Peachtree Road NW, Suite 555
                                                Atlanta, GA 30305-2153
                                                *Chapter 7 Trustee for the Bankruptcy Estate of*
                                                *HCG Software, LLC*
                                                *Bankruptcy Case No. 15-63347*

                                                *Plaintiff-Judgment Creditor*

Subscribed and sworn to me this _____ day of _____, 2017


                                                By: _____
                                                        Court Clerk/Notary

CONSENTED TO:

USL FINANCIALS, INC.

---

Mark A. Jurva
Jurva Martin P.C.
1754 Willamette Falls Drive
West Linn, OR  97068
E-mail: mjurva@jurvamartin.com

Attorneys for Defendant

Joseph J. Bellinger
Offit Kurman
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202

*Chapter 7 Trustee for the Bankruptcy Estate
of Public-Sector Solutions, Inc.
(Case No. 14-15477-DER)*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing FULL SATISFACTION OF JUDGMENT was served on:

Mark A. Jurva
Jurva Martin P.C.
1754 Willamette Falls Drive
West Linn, OR  97068
E-mail: mjurva@jurvamartin.com
Attorneys for Defendant
(via mail and hand delivery)

Arthur G. Kahn
211 North Union Street, Suite 100
Alexandria, VA 22314
E-mail: agklaw@gmail.com
Attorneys for Defendant
(via mail only)

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305-2153
*Chapter 7 Trustee for the Bankruptcy Estate
of HCG Software, LLC
(Bankruptcy Case No. 15-63347)*
(via mail only)

Michael J. Bargar
Arnall Golden Gregory, LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363
(via mail only)

Joseph J. Bellinger
Offit Kurman
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202
*Chapter 7 Trustee for the Bankruptcy Estate
of Public-Sector Solutions, Inc.
(Case No. 14-15477-DER)*
(via mail only)

Paul Sweeney, 07072
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland 21044
psweeney@yvslaw.com

by the following indicated method or methods:

   _X_   by mailing a full, true and correct copy thereof in a sealed, first-class postage-paid envelope, and addressed to the attorney as shown above, to the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

   _____ by faxing a full, true and correct copy thereof, addressed to the attorney as shown above, to the facsimile number of the attorney on the date set forth below.

   _____ by causing a full, true and correct copy thereof to be hand-delivered to the attorney at the attorney's last-known office address listed above on the date set forth below.

_____ by sending a full, true and correct copy thereof via overnight courier in a sealed, prepaid envelope, addressed to the attorney as shown above, to the last-known office address of the attorney, on the date set forth above.

_____ by transmitting with electronic mail a full, true and correct copy thereof to the attorney at the e-mail address number shown above, which is the last-known email address for the attorney's office, on the date set forth below.

Dated this _____ day of _____, 2017.

By: _____
S. Gregory Hays, as and only as Chapter 7 Trustee
for the bankruptcy estate of HCG Software, LLC
(Case No. 15-63347-CRM)
Hays Financial Consulting, LLC
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305-2153
*Chapter 7 Trustee for the Bankruptcy Estate of
HCG Software, LLC*

*Plaintiff-Judgment Creditor*

# EXHIBIT B
## (*form of Line Withdrawing Claim*)

11419987v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

In re:                                          *

PUBLIC-SECTOR SOLUTIONS, INC.                   *        Case No: 14-15477-DER
                                                                (Chapter 7)
    Debtor                  *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### <u>NOTICE OF WITHDRAWAL OF CLAIM NO. 3</u>

    Pursuant to Bankruptcy Rule 3006, HCG Software, LLC, by and through Chapter 7

Bankruptcy Trustee, S. Gregory Hays, hereby withdraws HCG's Proof of Claim No. 3, the

original of which was filed with the Court on August 13, 2014.

Dated: _____                    Respectfully submitted,


                          _____

                          S. Gregory Hays, as and only as Chapter 7
                          Trustee for the bankruptcy estate of HCG
                          Software, LLC (Case No. 15-63347-CRM)
                          Hays Financial Consulting, LLC
                          2964 Peachtree Road NW, Suite 555
                          Atlanta, GA 30305-2153


                          *Chapter 7 Trustee for the Bankruptcy Estate of*
                          *HCG Software, LLC, Bankruptcy Case No. 15-*
                          *63347*

11419987v1

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of _____, 2017, notice of filing the Notice of Withdrawal of Claim No. 3 was served through the Court's CM/ECF service and by electronic mail to the parties as shown below.

Joseph J. Bellinger
Offit Kurman
300 E. Lombard Street, Suite 2010
Baltimore, MD 21202
(via mail only)

Paul Sweeney, 07072
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland 21044
psweeney@yvslaw.com
(via email only)

_____
S. Gregory Hays, as and only as Chapter 7
Trustee for the bankruptcy estate of HCG
Software, LLC (Case No. 15-63347-CRM)

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement between HCG Trustee, PSS Trustee, USL Financials, Inc., and Konstantinos Alexakis under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA  30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Joseph J. Bellinger
Offit Kurman, P.A.
300 East Lombard Street, Ste. 2010
Baltimore, MD 21202

USL Financials, Inc.
c/o Konstantinos Alexakis
305 West Monument Street, Suite 102
Baltimore, MD 21202

Paul Sweeney, 07072
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
10211 Wincopin Circle, Suite 500
Columbia, MD 21044

HCG Software, LLC
c/o William C. Smith, Jr.
507 Avery Creek Pointe
Woodstock, GA 30188

This 25th day of October, 2017.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

11373019v1