# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HCG SOFTWARE, LLC, | ) | Bankruptcy Case No.: 15-63347 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO TREAT SHAREHOLDER ADVANCES AS CAPITAL CONTRIBUTIONS**

COMES NOW William C. Smith, Jr. **("Mr. Smith")**, a partial owner of HCG Software, LLC **(" Debtor")** in the above captioned bankruptcy case (the "**Bankruptcy Case**") and hereby files this Motion to Treat Shareholder Advances as Capital Contributions showing as follows:

1. Mr. Smith is the former Director and Managing Member of Debtor, and he owns 41% of the equity interests of Debtor. (Doc. No. 1, pg. 17 of 74).

2. Scott D. Stanton ("**Mr**. **Stanton**") is another owner of Debtor, owning 42% of the equity interests of Debtor. (Docket No. 1, pg. 17 of 74).

3. Debtor initiated the above captioned case on July 16, 2015 (the **"Petition Date"**), by filing its voluntary petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the **"Bankruptcy Court"**).

4. Prior to the Petition Date, Mr. Stanton served as the President of the Debtor for approximately seven years until his resignation on January 29, 2015.

5. During this time the Debtor incurred significant operating losses in excess of $3,000,000.00 in connection with developing software and a customer base.

6. The majority of the Debtor's operating losses were funded by cash contributions made by Mr. Smith. The Debtor's receivables and assets throughout this period were insufficient to obtain financing from a traditional lender.

7. Shortly prior to Mr. Stanton's resignation, Mr. Smith was advised that substantial additional funds would have to be invested to further upgrade the software to retain existing customers and be able to obtain new customers.

8. Mr. Smith was unwilling to commit additional funds to Debtor without resolution of Debtor's existing obligations, at a discount, and a restructuring of Mr. Stanton's role. Mr. Smith was unable to effectuate a restructuring and the Debtor filed its Chapter 7 bankruptcy case.

9. On August 4, 2015, the Clerk of the United States Bankruptcy Court for the Northern District of Georgia (the "**Clerk**"), entered a Notice Setting Deadline to File Proofs of Claim (Doc. No. 11), which set November 2, 2015, as the deadline to file non-governmental proofs of claim.

10. On October 30, 2015, Mr. Stanton filed proof of claim number 15 in the Bankruptcy Case which asserted a general unsecured claim in the amount of $370,600.00 on the basis of cash advances to the Debtor (the "**Stanton Claim**").

11. On November 2, 2015, Mr. Smith filed proof of claim number 18 in the Bankruptcy Case which asserted a general unsecured claim in the amount of $2,450,019.46 (the "**Smith Claim**"). The basis of the Smith Claim was: i) $2,217,675.00 for cash advances made by Smith prior to 2015 to fund operating expenses that were undocumented other than entries showing cash received on the Debtor's QuickBooks accounting system; ii) $232,258.03, consisting of principal of $223,500.00 and accrued interest of $8,758.03 documented by entries showing cash received

on the Debtor's QuickBooks accounting system and Promissory Notes between January 2, 2015 and June 2, 2015 which were prepared shortly prior to the filing; and iii) $86.43 documented by a promissory note dated July 3, 2015 in the amount of $38,920.16 and accrued interest of $166.27 less a $39,000.00 agreed reduction pursuant to the settlement agreement entered into between the Chapter 7 Trustee for the Debtor, S. Gregory Hays (the "**Trustee**") and Mr. Smith, among others, on August 16, 2015 and approved by order of the Bankruptcy Court on September 22, 2015 (Docket No. 42).

12. In connection with closing this case, the Trustee's accountant notified Mr. Smith that there was $3,188,400.00 in unpaid member/advances, consisting of $2,354,736.00 for Mr. Smith and $833,674.00 for Mr. Stanton.

13. Although there are no remaining assets to be distributed in this case, there remains an issue as to the treatment of Mr. Smith's and Mr. Stanton's advances in this case, and whether they should be treated as loans or capital contributions for purposes of preparation of the estate's tax returns.

14. In order to resolve any inconsistencies for the Trustee in the administration of this case so that it may be closed, and so that final tax returns may be filed consistent with the advances being capital contributions, Mr. Smith hereby requests that the Bankruptcy Court enter an order adjudicating that the Smith Claim and the Stanton Claim be deemed to be capital contributions, instead of loans, in connection with all matters in this Bankruptcy Case, including but not limited to the filing of any tax returns.

15. Based on discussions between Mr. Smith's counsel and Trustee's counsel, Mr. Smith believes that the Trustee does not have a position with regard to the treatment of the Smith Claim and the Stanton Claim as capital contributions instead of loans.

16. Pursuant to the Eleventh Circuit Court of Appeals' decision in the case of *In re N & D Properties, Inc.*, "[s]hareholder loans may be deemed capital contributions in one of two circumstances: [1] where the trustee proves initial under-capitalization or [2] where the trustee proves that the loans were made when no other disinterested lender would have extended credit." *In re N & D Properties, Inc.,* 799 F.2d 726, 733 (11th Cir. App. 1986).

17. Due to the financial status and structure of the Debtor as a start up with minimal cash collateral a disinterested lender would not have extended credit to Debtor at the times that Mr. Smith and Mr. Stanton made their cash advances to Debtor.

18. As a result, the Smith Claim and Stanton Claim should be classified as capital contributions, and not loans, in connection with all matters in this case, including but not limited to the filing of any tax returns.

WHEREFORE, Mr. Smith requests that this court enter an order (i) adjudicating that the Smith Claim and the Stanton Claim shall be treated as capital contributions, and not as loans, in connection with all matter in this Bankruptcy Case, including but not limited to the filing of any tax returns, and (ii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 25th day of March, 2020.

                                                    LAMBERTH, CIFELLI,
                                                   ELLIS & NASON, P.A.
                                                   *Attorney for William C. Smith, Jr.*

                                                   By: */s/ Gregory D. Ellis*
                                                   Gregory D. Ellis
                                                   Georgia Bar No. 245310
                                                   gellis@lcenlaw.com

6000 Lake Forrest Drive, NW, Suite 435
Atlanta, Georgia 30328-3896
(404) 262-7373

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing Motion to Treat Shareholder Advances as Capital Contributions, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- Michael J. Bargar: michael.bargar@agg.com; carol.stewart@agg.com; tarsha.daniel@agg.com
- S. Gregory Hays: ghays@haysconsulting.net; saskue@haysconsulting.net; GA32@ecfcbis.com
- William D. Matthews: william.matthews@agg.com
- Office of the United States Trustee: ustpregion21.at.ecf@usdoj.gov

I further certify that on this day I caused a copy of the foregoing Motion to Treat Shareholder Advances as Capital Contributions to be served via first class United States mail, with adequate postage prepaid, on the following parties at the address shown for each:

HCG Software, LLC
c/o Hays Financial Consulting, Registered Agent
2964 Peachtree RD. NW, Suite 555
Atlanta, GA, 30305

Scott D. Stanton
19188 SE Tillstrom Road
Damascus, OR 97089

David A. Foraker
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201

This 25th day of March, 2020.

*/s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com