UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HCG SOFTWARE, LLC, | : | CASE NO. 15-63347-JWC |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER APPROVING AGREEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of HCG Software, LLC (the "**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Approving Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Relief Requested**

2. By this Settlement Motion, the Trustee requests that the Court approve an agreement between the Trustee and William C. Smith, Jr. ("**Mr. Smith**").

**Background**

3. On July 16, 2015 (the "**Petition Date**"), Debtor filed a voluntary petition under

15038885v1

Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").  Shortly thereafter, the Trustee was appointed and remains the duly acting Chapter 7 trustee for the Bankruptcy Estate.

4. Prior to the Petition Date, Debtor designed and developed enterprise solutions focusing on business reporting, capital planning, budgeting, accounting, and payroll.

5. Debtor is a State of Georgia Limited Liability Company, and, although it formerly operated out of Portland, Oregon, it had customers throughout the United States.

6. Mr. Smith is the former director and managing member of Debtor and owns 41% of the equity interests of Debtor.  *See* [Doc. 1 at Page 17 of 74].

7. Prior to the Petition Date, Mr. Smith made certain loans to the Debtor (the "**Loans**").

8. On the Petition Date, in addition to the voluntary petition for relief, Debtor filed its statement of financial affairs and schedules, which were signed by Mr. Smith under penalty of perjury (the "**Schedules**"). *See* [Doc. 1 at Page 6-74 of 74].

9. On *Schedule D – Creditors Holding Secured Claims*, Debtor scheduled a claim of Mr. Smith as fully secured in the amount of $245,920.16. *See* [Doc. No. 1 at Page 29 of 74].

10. On *Schedule F – Creditors Holding Unsecured Nonpriority Claims*, Debtor scheduled an unsecured claim of Mr. Smith in the amount of $2,217,675.00. *See* [Doc. No. 1 at Page 46 of 74].

11. On November 2, 2015, Mr. Smith filed Proof of Claim No. 18-1 in the amount of $2,450,019.46, alleging that Debtor owed him this amount as of the Petition Date.

12. There are insufficient assets in the Bankruptcy Estate to repay the Loans, therefore a cancellation of debt ("**COD**") will occur. Under applicable law, if a debt is cancelled,

2

the amount of the canceled debt may be taxable and would be reported to the Internal Revenue Service as cancellation of indebtedness income. Since the Debtor is a "pass through" entity for tax purposes, the owners of the Debtor may have the burden of paying the resulting tax obligations, which may be significant.

13. Mr. Smith disagrees with the resulting tax consequences described above. Therefore, on March 25, 2020, he filed the *Motion to Treat Shareholder Advances as Capital Contributions* [Doc. No. 84] (the "**Motion to Convert**").

14. Following the filing of the Motion to Convert, Trustee determined that under Section 108 of the Internal Revenue Code, to convert debt to equity, there is COD income to the extent that the value of the equity is less than the value of the debt. Furthermore, since the equity in the Debtor is worth $0, the entire amount of the Loan is COD income, and Mr. Smith must contribute new value to the Debtor in an amount equal to the debt for the debt to convert to equity.

15. Mr. Smith disagrees with Trustee's position that Mr. Smith must contribute new value to the Debtor for the debt to convert to equity (the "**Tax Consequence Dispute**").

### The Proposed Settlement

16. Following negotiations, and subject to the approval of this Court, to resolve the Tax Consequence Dispute, Mr. Smith and Trustee (together, the "**Parties**") have agreed that Mr. Smith will assume the obligation to file any additional and final tax returns[1] on behalf of the Debtor, and Trustee will be absolved of any obligation to file an additional tax return on behalf of the Debtor (the "**Agreement**"), so that Mr. Smith can handle the resulting tax consequences of the Loan, as he deems appropriate.

---

[1] The extended due date of these tax returns will fall after the date of any order approving the instant Motion.

## Basis for Relief

17. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[2]

18. The proposed Agreement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

15038885v1

19. Given the potential time and expense of litigating these complex issues and considering that (a) control of the Debtor will be returned to the principals following the close of the bankruptcy case, and (b) the Debtor is not a tax paying entity and the filing of the tax returns will have no impact on the administration of the Bankruptcy Estate, the proposed Agreement represents an advantageous result for the Bankruptcy Estate and falls within the range of reasonableness required under *Justice Oaks*.

20. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Court approve the Agreement.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Agreement; (iii) absolving Trustee of the obligation to file additional tax returns on behalf of the Debtor; (iv) obligating Mr. Smith to file any additional tax returns on behalf of the Debtor; and (v) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 2nd day of June, 2020.

                                        ARNALL GOLDEN GREGORY LLP
                                        *Attorneys for Trustee*

                                        By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100           Michael J. Bargar
Atlanta, GA 30363                           Georgia Bar No. 645709
(404) 873-8500                                michael.bargar@agg.com

15038885v1

## CERTIFICATE OF SERVICE

      This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Approving Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Robert B. Campos
Law Office of Robert B. Campos
Suite 109 - #317
2774 N. Cobb Parkway
Kennesaw, GA 30144

Gregory D. Ellis
Lamberth, Cifelli, Ellis & Nason, P.A.
6000 Lake Forrest Drive, NW
Suite 435
Atlanta, GA 30328-3896

Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC 20224

Department of the Treasury –
Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Department of the Treasury –
Internal Revenue Service
P. O. Box 7317
Philadelphia, PA 19101-7317

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

The Internal Revenue Service
c/o Special Assistant U.S. Attorney
401 W. Peachtree Street
Stop 1000-D
Atlanta, GA 30308

Internal Revenue Service
401 W. Peachtree St. NW
Stop 334-D
Atlanta, GA 30308-3539

      This 2nd day of June, 2020.

      */s/ Michael J. Bargar*
      Michael J. Bargar
      Georgia Bar No. 645709

15038885v1