**IT IS ORDERED as set forth below:**

**Date: October 6, 2020**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HCG SOFTWARE, LLC., | : | CASE NO. 15-63347-JWC |
| *dba* Hawthorne Consulting Group, LLC, | : | |
| *dba* PrevisionEPM, | : | |
| | : | |
| Debtor. | : | |

**ORDER APPROVING TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE TRUSTEE AND PROFESSIONALS OF THE TRUSTEE**

On August 31, 2020, the Chapter 7 Trustee ("**Trustee**") filed applications for payment of compensation in the amount of $4,831.75 and expenses in the amount of $154.77 to the Chapter 7 Trustee [Doc. No. 96-1], compensation in the amount of $41,869.94 and expenses in the amount of $336.35 to Arnall Golden Gregory LLP, the Chapter 7 Trustee's counsel [Doc. No. 96-2], compensation in the amount of $9,600.00 and expenses in the amount of $0.00 to Pierce McCoy, PLLC, the Chapter 7 Trustee's special counsel [Doc. No. 96-3], and compensation in

15618481v1

the amount of $18,961.58 and expenses in the amount of $814.36 to Hays Financial Consulting, LLC, the Chapter 7 Trustee's accountants [Doc. No. 96-4] (collectively, the "**Fee Applications**").[1]

Also on August 31, 2020, Trustee filed his *Trustee's Final Report (TFR)* [Doc. No. 96] (the "**Trustee's Final Report**") in which he proposed to make certain distributions to creditors, including the above mentioned professionals.

And, on September 2, 2020, Trustee filed a notice [Doc. No. 97] (the "**Notice**") of the Fee Applications, setting the Fee Applications and Trustee's Final Report for hearing on October 1, 2020 (the "**Hearing**").

Trustee certifies that he served the Notice on all creditors and parties in interest entitled to notice. [Doc. No. 97-1].

No party in interest filed a response in opposition to the relief requested in the Fee Applications or Trustee's Final Report.

Trustee and counsel for Trustee and for Trustee's professionals appeared at the Hearing. No creditors or parties in interest appeared to oppose the relief requested in the Fee Applications or Trustee's Final Report.

The services sought to be compensated in the Fee Applications have been evaluated pursuant to 11 U.S.C. §§ 326 and 330. The compensation requested by Trustee is less than the statutory fee provided in 11 U.S.C. §326, and appears reasonable under the circumstances. The compensation of Trustee's professionals is reasonable under the circumstances. Under the principles set forth in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th

---

[1] In several of the applications, the actual amount of fees and expenses requested were greater than the amounts set out in this Order, but those fees and expenses were voluntarily reduced based on available funds, as set out in greater detail in Trustee's Final Report [Doc. No. 96].

Cir. 1988), and this Court's knowledge of prevailing market rates and an evaluation of the skill, experience, and reputation of the professional applicants, the hourly rates which they seek to charge are reasonable. Review and consideration of the Fee Applications, the entire record in this bankruptcy case, and the statements of counsel at the Hearing, shows that the hours expended were reasonable. The Court further finds that the expenses, for which reimbursement is sought, were reasonable and necessary in rendering the services. No factors are present in this case that require reduction or enhancement of the lodestar. Accordingly, for those reasons set forth on the record at the Hearing, and for good cause shown, it is hereby

ORDERED that the Fee Applications and Trustee's Final Report are **APPROVED** and this approval is made final. It is further

ORDERED that the fees and expenses requested are allowed as compensation and reimbursement of expenses as follows:

| *Applicant* | *Docket No.* | *Fees* | *Expenses* | *Total* |
|---|---|---|---|---|
| S. Gregory Hays, Chapter 7 Trustee | 96-1 | $4,831.75 | $154.77 | $4,986.52 |
| Arnall Golden Gregory LLP, attorneys for Chapter 7 Trustee | 96-2 | $41,869.94 | $336.35 | $42,206.29 |
| Pierce McCoy PLLC, special counsel for Chapter 7 Trustee | 96-3 | $9,600.00 | $0.00 | $9,600.00 |
| Hays Financial Consulting, LLC, accountants for Chapter 7 Trustee | 96-4 | $18,961.58 | $814.36 | $19,775.94 |

It is further

ORDERED that Trustee is authorized and directed to pay said compensation and reimbursement of expenses approved herein based on available funds and as specifically outlined in Trustee's Final Report.

**[END OF DOCUMENT]**

15618481v1

Order prepared and presented by:

**ARNALL GOLDEN GREGORY LLP**
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
       Michael J. Bargar
       Georgia Bar No. 645709
       michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363 / (404) 873-8500

Identification of parties to be served:

Office of the U.S. Trustee, 362 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303

S. Gregory Hays, Hays Financial Consulting, LLC, 2964 Peachtree Rd, NW, Suite 555, Atlanta, GA 30305

Jonathan A. Grasso, Pierce McCoy, PLLC, 101 West Main Street, Suite 101, Norfolk, VA 23510-1694

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363

All Entities on the Creditor Matrix

15618481v1